IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHANE ENSOR<br>426 South Main Street<br>Bel Air, MD 21014<br><br>    Plaintiff,<br><br>v.<br><br>SAGAMORE HOME MORTGAGE, LLC<br>2629 Waterfront Parkway East Drive<br>Suite 350<br>Indianapolis, IN 46214<br><br>Serve On:<br>Registered Agents Solutions, Inc.<br>Unit B, 2nd Floor<br>836 Park Avenue<br>Baltimore MD 21201<br><br>And<br><br>JOSEPH HEISTER<br>5606 Shagbark Court<br>Mason, OH 45040 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>    Case No: |

* * * * * * * * * * * *

## **COMPLAINT**

Plaintiffs Shane Ensor by his undersigned attorneys, sues Defendants Sagamore Home Mortgage, LLC ("Sagamore") and Joseph Heister ("Heister")(collectively, "Defendants") for violation of the Fair Labor Standards Act, Maryland Wage Payment and Collection Act, and for Conversion and for cause of action states:

1.    This suit has been filed to obtain payment for wages owed to Plaintiff by Defendants. Plaintiff performed all necessary work to earn the wages, Defendants profited

{00370603v. (15895.00001)}                                                1

from such work yet, despite demand for payment, Sagamore has refused to pay the wages owed without justification.

2. Plaintiff Shane Ensor is an adult and legal resident of the State of Maryland.

3. Defendant Joseph Heister is an Ohio resident and former President of Defendant Sagamore Home Mortgage, LLC.

4. Defendant Heister regularly conducted business in Maryland and was Plaintiff's direct supervisor.

5. Defendant Sagamore Home Mortgage, LLC is an Indiana corporation with its principal place of business in Indiana.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1332.

7. Venue is appropriate in this Court as Plaintiff is a resident of the State of Maryland and all acts giving rise to the present case arose within the State of Maryland.

8. Defendants are subject to the Fair Labor Standards Act, Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, §§3-401, et seq., and the Maryland Wage Payment and Collection Law, Labor and Employment §§3-501 et. seq. as all work by Mr. Ensor was performed within the State of Maryland.

9. Defendant Sagamore is an employer within the meaning of the terms of the Fair Labor Standards Act, Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-401, and the Maryland Wage Payment and Collection Law, Labor and Employment §§3-501 et. seq. as it is engaged in interstate commerce and has annual revenues in excess of $500,000.

10. Defendant Heister was Plaintiff's employer under the Fair Labor Standards Act, Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-401, and the Maryland Wage Payment and Collection Law, Labor and Employment §§3-501 et. seq. Defendant Heister hired Plaintiff, had the power to hire and fire employees and had operational control over Sagamore as its President.

11. Mr. Ensor began his employment with Defendants on or about August 24, 2017 as a mortgage loan originator in Sagamore's Maryland office. Pursuant to the terms of Mr. Ensor's employment agreement, he was to be compensated on a commission basis for the volume of loans originated from his efforts, payable at 1.5% of the loan amount, or 150 basis points.

12. Under the terms of Mr. Ensor's compensation agreement, he was to be paid his commissions for loans closed between the 16th and 31st of any month on the 20th day of the following month.

13. On December 19, 2017, a loan originated by Mr. Ensor in the amount of $160,332 closed. On December 23, 2017, a loan originated by Mr. Ensor in the amount of $221,853.00 closed. On December 29, 2017, a loan originated by Mr. Ensor in the amount of $375,390 closed.

14. Pursuant to the terms of his compensation plan, Mr. Ensor was owed $11,363.63 in commissions on January 20, 2018 for the loans closed in paragraph 10 above. Mr. Ensor performed all work necessary to earn the commissions identified herein. Mr. Ensor was not compensated at all for any work that he performed from December 16, 2017 through December 31, 2017.

15. Despite repeated demands for payment, Defendants have failed to make payment for the wages owed to Plaintiff as set forth herein and Defendants have not made any payment to Plaintiff for the final two weeks of his employment. Defendants' failure to do so is without justification and there is no bona fide dispute that Plaintiff is entitled to the wages owed.

16. Defendants' failure to pay all wages for work performed by Plaintiff were willful violations of the Maryland Wage Payment and Collection Act and the Fair Labor Standards Act.

17. During the course of his employment, when Defendants did pay his wages, Defendants either (a) provided pay stubs showing that taxes and other mandatory withholdings were being deducted from his wages or (2) issued company checks to Plaintiff with substantial amounts withheld for taxes and other mandatory withholdings.

18. Following the termination of his employment, Plaintiff discovered that Defendants had retained the withholdings and had not remitted any of the mandatory payments to the IRS or any other entity which was required to receive the sums.

19. As a result, Plaintiff now owes substantial tax and other obligations due to Defendants' deductions from his wages which were unlawfully and fraudulently retained by Defendants.

**COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT**

20. Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-19 as though set forth fully herein.

21. Plaintiff performed services on behalf of Defendants from December 16, 2017 through December 31, 2017. Defendants suffered and permitted the employment of Plaintiff during that time period and received substantial benefit from their employment.

22. Defendant failed to compensate Plaintiff in any manner for the services performed from December 16, 2017 through December 31, 2017.

23. Defendant's failure to compensate Plaintiffs is in bad faith and without substantial justification.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court award them:

A. Judgment against Defendants Sagamore Home Mortgage, LLC and Joseph Heister in an amount to be determined for unpaid wages and liquidated damages authorized under the Fair Labor Standards Act.

B. Attorneys' fees and costs incurred to enforce his rights under the Fair Labor Standards Act; and

C. Such other and further relief as may be warranted.

**COUNT II - VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION ACT**

24. Plaintiffs adopt and incorporate the allegations set forth in paragraphs 1-23 as though set forth fully herein.

25. Mr. Ensor began his employment with Defendant on or about August 24, 2017 as a mortgage loan originator in Defendant's Maryland office. Pursuant to the terms of Mr. Ensor's employment agreement, he was to be compensated on a commission basis

for the volume of loans originated from his efforts, payable at 1.5% of the loan amount, or 150 basis points.

26. Under the terms of Mr. Ensor's compensation agreement, he was to be paid his commissions for loans closed between the 16th and 31st of any month on the 20th day of the following month.

27. On December 19, 2017, a loan originated by Mr. Ensor in the amount of $160,332 closed.  On December 23, 2017, a loan originated by Mr. Ensor in the amount of $221,853.00 closed.  On December 29, 2017, a loan originated by Mr. Ensor in the amount of $375,390 closed.

28. Pursuant to the terms of his compensation plan, Mr. Ensor was owed $11,363.63 in commissions on January 20, 2018 for the loans closed in paragraph 10 above.  Mr. Ensor performed all work necessary to earn the commissions identified herein.  Mr. Ensor was not compensated at all for any work that he performed from December 16, 2017 through December 31, 2017.

29. Despite repeated demands for payment, Defendants have failed to make payment for the wages owed to Plaintiff as set forth herein.  Defendants' failure to do so is without justification and there is no bona fide dispute that Plaintiff is entitled to the wages owed.

30. Defendants' failure to pay all wages for work performed by Plaintiff was a willful violation of the Maryland Wage Payment and Collection Act and the Fair Labor Standards Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award him:

A.  Judgment against Defendants Sagamore Home Mortgage, LLC and Joseph Heister in an amount of $11,363.63 for unpaid wages, plus treble damages authorized under the Maryland Wage Payment and Collection Act.

B.  Attorneys' fees and costs incurred to enforce his rights under the Maryland Wage Payment and Collection Act.; and

C.  Such other and further relief as may be warranted.

## COUNT III - CONVERSION

31. Plaintiff adopts and incorporates the allegations set forth in paragraphs 1-30 as though set forth fully herein.

32. Defendants withheld substantial sums from Plaintiff's paychecks, representing that these sums were being remitted to the IRS and third parties for permissible withholdings for Plaintiff's share of employment and income taxes and other legal obligations.

33. Contrary to their representations, Defendants never remitted the sums to any third parties and instead impermissibly retained the funds for Defendants' own use.

34. Defendants' failure to remit the deductions to the IRS and other entities for their required use is a violation of state and federal wage payment laws.

35. As a result of Defendants' failure to either pay employees the sums or submit the withholdings to the IRS and/or the appropriate entities, pursuant to the terms of the

deductions, Plaintiff is directly responsible for payment of the impermissibly withheld sums.

36. Plaintiff has been damaged as a result of Defendants' unlawful conversion.

37. Defendants' retention of the deducted amounts is an impermissible deduction from wages in violation of the Maryland Wage Payment and Collection Act for which Plaintiffs are entitled to additional recovery of treble damages under that Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award him:

A. Judgment against Defendants Sagamore Home Mortgage, LLC and Joseph Heister in an amount not less than $90,000 for impermissibly retained deductions and treble damages authorized under the Maryland Wage Payment and Collection Act.

B. Attorneys' fees and costs incurred to enforce his rights under the Maryland Wage Payment and Collection Act.; and

C. Such other and further relief as may be warranted.

*/s/ Donald J. Walsh*
Donald J. Walsh (Bar # 09384)
Gregory P. Currey (Bar #28583)
Wright, Constable & Skeen, LLP
Attorneys for Plaintiffs
7 St. Paul Street, 18th Floor
Baltimore, Maryland 21202
Telephone: (410) 659-1320
dwalsh@wcslaw.com
gcurrey@wcslaw.com