## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

SHANE ENSOR                                          *

     Plaintiff                                   *        Case No. 1:18-CV-1389 GLR

v.                                                   *

SAGAMORE HOME MORTGAGE, LLC,   *
et al.
                                                 *

     Defendants
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

### ANSWER OF DEFENDANT JOSEPH HEISTER

Defendant Joseph Heister, by and through his attorneys, Curtis H. Booth and Booth, Booth, Cropper & Marriner, P.C., in accordance with the Federal Rules of Civil Procedure, hereby Answers the Plaintiff's Complaint, and each and every allegation thereof, as follows:

1.     Defendant Heister specifically denies that he profited from Plaintiff's work, but is without sufficient information to form a belief as to the truth of the other allegations in this paragraph and they are therefore denied.

2.     Admitted.

3.     Defendant admits the allegations regarding his residency and admits that he held the title of "President" with Defendant Sagamore Home Mortgage, LLC ("Sagamore").

4.     Denied.

5.     Defendant admits that Sagamore had its principal place of business in Indiana. Defendant is without sufficient information to form a belief as to Sagamore's legal status and those allegations are therefore denied.

6.     Admitted.

7.     Defendant denies that all acts giving rise to the present case arose in Maryland.

8.     Defendant denies that he was an employer within the meaning of the cited statutes and the allegations are therefore denied.

9.     Defendant admits that Sagamore was Plaintiff's employer within the meaning of the cited statutes.

10.    These allegations are denied in their entirety.

11.    Admitted.

12.    Defendant admits that Sagamore was to pay him as alleged.

13.    Admitted.

14.    Defendant admits that any compensation earned as alleged would have been owed on January 20, 2018, by which time the Defendant was no longer affiliated in any way with Sagamore. Defendant denies that the amount of the compensation allegedly due from Defendant Sagamore is correct.

15.    Defendant Heister has repeatedly denied that he is responsible for paying Plaintiff any amounts as he was not the Plaintiff's employer as has been continually alleged. Defendant Heister has had significant justification and legal basis for declining to pay the amounts claimed by Plaintiff.

16.    Denied.

17.    Defendant Heister was not involved with Sagamore's payroll and is without sufficient information to form a belief as to the truth of these allegations; accordingly, they are denied.

18.    Defendant Heister is without sufficient information to form a belief as to the truth of these allegations; accordingly, they are denied.

19.     Defendant Heister specifically denies that he unlawfully or fraudulently retained or benefitted from any wages not paid to Plaintiff. Defendant Heister is without sufficient information to form a belief as to the truth of the remainder of these allegations; accordingly, they are denied.

20.     Defendant Heister adopts and incorporates by reference his responses to paragraphs 1 through 19 as if fully restated herein.

21-23. Defendant Heister completely denies all allegations in these paragraphs as they relate to him.

24.     Defendant Heister adopts and incorporates by reference his responses to paragraphs 1 through 23 as if fully restated herein.

25-27. Admitted.

28.     Defendant Heister admits that any compensation earned as alleged would have been owed on January 20, 2018, by which time the Defendant was no longer affiliated in any way with Sagamore. Defendant denies that the amount of compensation allegedly due from Defendant Sagamore is correct.

29.     Defendant Heister has repeatedly denied that he is responsible for paying Plaintiff any amounts as he was not the Plaintiff's employer as has been continually alleged. Defendant Heister has had significant justification and legal basis for declining to pay the amounts claimed by Plaintiff.

30.     Defendant Heister denies these allegations.

31.     Defendant Heister adopts and incorporates by reference his responses to paragraphs 1 through 30 as if fully restated herein.

32-37. Defendant Heister completely denies these allegations as he had no involvement in payroll or withholding.

3

Having fully answered all the material allegations in each and every paragraph of the Complaint, this Defendant also sets forth the following specific defenses:

I

The Complaint fails to set forth claims upon which relief can be granted as to this Defendant, who was not Plaintiff's employer and had no responsibility for paying Plaintiff or withholding taxes for Plaintiff.

II

This court lacks subject matter jurisdiction over the claims alleged in Plaintiff's Complaint.

III

The Plaintiff's claims are barred by the following affirmative defenses:

      a.     Accord and Satisfaction

      b.     Estoppel

      c.     Waiver and Release

      d.     Payment

IV

These Defendants reserve the right to raise such other defenses as are warranted by facts revealed in discovery.

WHEREFORE, all material allegations of the Complaint having been responded to by this Defendant, Defendant Heister prays that this Court dismiss and/or enter judgment in his favor on all Plaintiff's claims against him, with all costs, including attorneys' fees, assessed against Plaintiff, and providing for such other and further relief as justice requires.

_____/S/_____
Curtis H. Booth, Federal Bar # 24662

Booth Cropper & Marriner, P.C.
130 N. Washington St.
Easton, MD 21601
(410) 822-2929
cbooth@bbcmlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of June, 2018, a copy of the foregoing was electronically filed and sent via first class mail to all parties who have not yet entered their appearance in this action:

Donald J. Walsh
Gregory P. Currey
Wright, Constable & Skeen, LLP
7 St. Paul St., 18th Floor
Baltimore, MD 21602
(410) 659-1320
dwalsh@wcslaw.com
gcurrey@wcslaw.com
Counsel for Plaintiff


Sagamore Home Mortgage, LLC
Serve On: Registered Agents Solutions, Inc.
836 Park Avenue
Unit B, 2nd Floor
Baltimore, MD 21201


_____/s/_____
Curtis H. Booth, Federal Bar # 24662